## WOODWARD v. GOULD.[1]

*(Circuit Court, E. D. Missouri.   April 21, 1886.)*

ASSUMPSIT—PLEADINGS—CONTRACTS.
   In a suit for breach of a contract the complete performance of which has been abandoned by the plaintiff because of the defendant's refusal to proceed, the petition should show that something is due the plaintiff on account of what he did before such refusal and abandonment.

At Law.

*Krum & Jonas,* for plaintiff.

*Bennett Pike,* for defendant.

TREAT, J., *(orally.)*   When this case was presented to the court on the demurrer to the first amended petition an order was made that the then amended petition should be made more definite.   The second amended petition is now to be considered under a demurrer filed.   The said second amended petition is, to a large extent, quite as vague and indefinite as the former amended petition, yet the demurrer must rest on the allegations as now presented.   Applying the ordinary rules pertaining to pleadings, it seems that there was an arrangement between plaintiff and defendant for the organization of a corporation the benefits of which, when organized, were to be divided between the respective parties on the terms stated, the defendant paying certain preliminary costs and expenses.   The petition avers that the plaintiff, on whom the duty devolved, had done some work looking to the organization of the proposed corporation, which corporation never was organized.   The petition also avers that certain expenses for the survey and location of the proposed railroad had been incurred.   It nowhere avers that said expenses had not been paid by the defendant. It does aver that while the plaintiff was ready and willing to perform the agreement on his part, the defendant refused to proceed further under said agreement.   What, under such statement, would be the cause of action?   Damages actually incurred by such breach, but not prospective or speculative damages.   Nothing appears in the petition to show non-payment by the defendant of all costs and expenses incurred prior to the abandonment of the enterprise.   On the face of the petition it appears that the plaintiff did not complete the organization of the corporation as agreed, nor that the expenses for preliminary work had not been fully paid by defendant.   Therefore, despite the general allegation in the petition that the plaintiff had performed all that was required of him to be performed, the specific allegation shows that he did not so do.   The legal consequence is that a contemplated enterprise having been abandoned, neither party proceeding therewith, the sole right of recovery under the most favor-

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

able circumstances would be a reimbursement to plaintiff of expenses incurred and unpaid by the defendant for which he was liable. In this latter respect the petition is devoid of essential allegations to make a cause of action.

Demurrer sustained.